May it please the court, my name is Ken Dull. I represent defendant Ward. I'm his CJA appointed attorney. Will the court waive a brief recitation of the facts? I haven't heard that question since my last moot court. This is also my first time, your honor, so I am relying on my law school. Well, you can pay your lawyers, don't ask. Just make whatever argument you think will help your sealed record in this case, and I'll just, we'll have to rely on counsel, not, you understand, we are not only in public courtroom, but we're also being streamed to the four corners of the world in real time. So whatever you say here will be broadcast and then eventually posted on our web page. So if we get anywhere near anything that is, it's a little hard to tell from the briefs exactly what is and what is not protected. I think, I think we have a pretty good idea, but if we get anywhere close to that, counsel should speak up. I don't think it'll be necessary to get into any of those things we're getting close. We can, I think we can stop the video or we can keep it from going out or close our courtroom and go there. Counsel, I noticed that the briefs themselves are under seal. Is there anything in the brief that really needs to be sealed? Your honor, I have to admit I exercise an abundance of caution when I did my briefing and put them under seal given the court, the district court's order, which I believe was pretty broad in information that could be, it was deemed a trade secret and getting out into public hands. So I, to be safe, I put everything I could under seal just to protect myself. You didn't want to follow Mr. Ward. No, no, your honor. I did not want to cross the district courts, violate their order. Why don't we go ahead and reset the clock to give you a full 15 minutes. I mean, perhaps after this is done, it would be appropriate for the parties to look at this and see whether anything can be unsealed. In general, we like to keep things not under seal if it's not, unless it's necessary. So thank you, your honor. So go ahead. You are? My name is Kent Dahl. I represent defendant Ward, and we respectfully request that this court reverse and remand his conviction because, one, the indictment was insufficient. Two, a constructive amendment or a variance occurred at the trial court level. Three, the government's evidence was insufficient. And four, 18 U.S.C. 1832 is unconstitutionally vague. First, turning to the indictment. Counselor, with respect to the indictment, why wasn't the challenge to the indictment made before trial? Well, your honor, I wasn't the trial attorney, so I can't speak to that. All I can say is that there was a request for a bill of particulars from the trial attorney asking for more specific information that was not present in the indictment. But that doesn't preserve your claim, does it? Well, the cases that say the bill of particulars is not sufficient? No, I don't, your honor. But when it comes to challenging the terms of the indictment, it can be brought up in appeal. It's just a question of what standard it's reviewed under. So if it's not brought up at the trial court level, it's a plain error standard. If it is brought up at the trial court level, it's a de novo standard. So you'd agree that it's a plain error standard that applies? Your honor, I believe in the trial attorney's motion for rule on Rule 29, where in his oral argument he's indicating that there seemed to be a very generalized attempt to indict Mr. Ward. But aren't there a couple of cases that say that Rule 29 motions don't need to, aren't timely when you're moving to dismiss an indictment? U.S. v. Chesney and Awad. I would agree with those lines of cases. I would offer to this court that based on the circumstances, the motion for a bill of particulars coupled with the Rule 29 motion where the attorneys are still expressing confusion as to what exactly was put into the indictment. That would allow us to go beyond de novo. There is a case, Ward v. United States, where the defense counsel brought up or expressed worry that his client could be convicted for uncharged conduct. It was a constructive amendment situation, but that attorney never argued that his client's Fifth Amendment rights were being violated. The court felt that under the sort of expression of the attorney, his concern that there could be charges or convicted for uncharged conduct was sufficient to preserve the de novo review. But if we do go on a plain air standard, the indictment on its face is still invalid. There's an error in the indictment in that there is no identification whatsoever of the particular trade secret. Why doesn't the bill of particulars cure that? It's a notice problem. The problem you're having with the indictment is it doesn't give notice, but then you've got a bill of particulars that does give notice. It makes pretty clear what comes out. Your Honor, a bill of particulars does not solve an otherwise insufficient indictment. Sure, if you leave out an element altogether, then you can't fix it with a bill of particulars. But there's no claim here that any element was left out of the indictment. Well, I would disagree, Your Honor, that there were elements that in fact were left out of the indictment. Okay, what elements? The definitions of trade secret, that it has to be secret. So the definition of trade secret is an element of the... In this particular case, it is, because this whole statute... I'm sorry, is that true of all crimes, that you have to have a definition of the term as part of the indictment? When we are dealing with trade secrets, I believe we do. Because this whole statute is about what a trade secret is. If it's not a trade secret, you don't violate the statute. And the statute sets forth the elements of what is a trade secret. One, it could be sort of this broad information category. But it has to be kept secret, and the owner has to obtain an independent economic value from its secrecy. Why do you have to allege that in the indictment? Why can't you just allege it's a trade secret? So that the... If the allege is a bank robbery, do you have to specify what kind of currency was taken? You know, it was taken $100 bills and $20 bills and a bunch of coins? I mean, you know, it's a robbery. It's a theft of a secret. But trade secrets are different. What can be a trade secret one day can change and evolve and not become a trade secret the next day. If the indictment is designed to provide notice to a defendant of what they're being charged with and what they've been taken, given the elusive nature of what a trade secret is, then we would offer the court that, yes. Then again, the Bill of Particulars fixes that, doesn't it? Excuse me? The Bill of Particulars fixes that. Well, again, the Bill of Particulars cannot solve or otherwise correct an otherwise insufficient indictment. Our position is that because the indictment did not identify the trade secret with any particularity, didn't even bother to go through the elements necessary to establish that the item was in fact a trade secret, the subsequent Bill of Particulars, which becomes sort of the second guessing of what a grand jury indicted Mr. Ward for, is insufficient. And it's very critical that the indictment doesn't even really give what the trade secret is. It says only information related to maintenance and operation of an unmanned vehicle. That's the only thing that's set forth in the indictment. And so even if this court finds that the indictment itself was valid or otherwise sufficient, there is this constructive amendment or variance that occurred at the trial court level. The indictment provides very little guidance, but it does say information related to maintenance and operation of the UAV. That is what the government charged Mr. Ward with converting. However, at the trial court level, the court imported the Bill of Particulars, which listed 15 components of the UAV that otherwise were not in the indictment, and imported those into the jury instructions, the special verdict form, basically asking... Was there an objection to either of those, the jury instructions or the verdict form on this issue? There wasn't an objection to it by the defense counsel, but a constructive amendment can occur after the government's evidence comes in. And then in the Rule 29 motion, the defense counsel did object, saying that there was a constructive amendment. But a constructive amendment comes into play not only with reviewing what the court does, but also with what the prosecutor's evidence provides. In this case, the trial court imported the Bill of Particulars into the jury instructions. Then the government introduced evidence that these various components of the UAV were not traced because they related to maintenance operation, but rather because of their design or otherwise performance. Take, for example, the turret, which there was no testimony that the turret on this UV was in any way novel and related to the maintenance operation of that particular UV. Instead, it was all about what kind of cameras were in it, what kind of performance specs it could do. The muffler was probably the most egregious variance or constructive amendment, where the expert for in situ, the alleged victim of this case, came forward in their trial and testified. The muffler is simply serviceable. Nothing is unique about that muffler. Well, suppose we found that the muffler is not a trade secret. The jury found four other items to be trade secrets. Would it make any difference to your client if we thought one of the trade secrets was insufficient to be a trade secret? Well, the only difference it would make to my clients if this gets reversed and remanded back to the trial court level. But there is, under the case law, under the variance section of evidence spillover. So you have 15 trade secrets. And if a variance occurs to one trade secret, given the mass number of witnesses, 35 total witnesses, two weeks of trial in very complex areas such as aerodynamics, that when you get in this evidence of design, performance, other victims, particularly the Northwest UAV, then you have an evidentiary spillover where the jury is looking at these and makes a decision with all this evidence in front of them. And a variance can occur if some evidence basically spills over and what I would say taints the remaining evidence, even if it is legitimate. Are any of these trade secrets outside the manual itself? Aren't they all contained in the manual? They are all contained in the manual, Your Honor. But all because the manual says maintenance to the UAV. The government's evidence that these components, even though they were listed in the manual, the components themselves they argued were trade secrets. If you look at the government's response to the first motion for the bill in particular, the government actually had two theories. One, the manual itself in its entirety was a trade secret. And then that certain subparts were trade secrets in themselves. The indictment clearly speaks to the manual being the trade secret in its entirety. But when the district court ordered or basically stated that if the manual is what the government says is a trade secret, if any part of that manual is not a trade secret, then their whole case fails. What the government did was then started selecting subparts from the manual, components of the UAV, and then utilize those components as a trade secret, even if they didn't have anything to do with information or with information related to maintenance and operation of a UAV. So going to briefly, there is one section at least under insufficient evidence I'd like to address with this court, which would be how we interpret the term the public. There's not necessarily a circuit split, but it's sort of two courts in dicta indicating that the public could either mean the general public, which is what the Second Circuit's position is, but the Seventh Circuit has said the public could be interpreted as economically relevant public. So this is another jury instruction question. Did the trial counsel request that public be defined in the way that you'd like the court to define it now? Not to my knowledge, no, Your Honor. But in this case, statutory interpretation can be reviewed de novo, and if that changes the analysis, and if the jury could have convicted Mr. Ward on a now unconstitutional or changed analysis, then it can be remanded back for trial. And I believe that's the United States v. Skilling, is how they went about doing that, basically invalidated a theory under the statute and then kicked it back. And in this case, the public was not defined, but at the same time there was plenty of testimony provided by the various experts indicating that some of these components had been in fact disclosed to websites, publications, and so forth. The prosecutor in their closing argument said, you know, did they keep the information away from the general public? And so if this court deems that it's the economically relevant public that is the touchstone of the statute, then it should be reversed and remanded back because of... Your client must have thought this was not available to the general public because they asked money for its return. Well, Your Honor, the facts... Why couldn't the jury rely on that alone as proof that this was not something that people could... I mean, nobody would ask for or receive, what was it, $300,000 for the return of something that you could download from the Internet. Well, Your Honor, the evidence presented by the defendants was that Mr. Ward was negotiating a wrongful death and whistleblowing claim at the time that this offer in exchange for the manual was made. So in that particular case, the evidence... Well, that's his story, but the jury could have believed that he was actually trying to extort money by promising a return of the book, right? There was evidence of that. Yes, they could believe that, but they also could have believed that none of that mattered because... And if they did believe that, why wouldn't that be proof enough that this was not public? Well, first, Your Honor, I can't speculate as to what the jury believed, and I don't think anyone can at this point. I'm sorry, we do that all the time. Have you ever heard of harmless error analysis? How do you think we do harmless error analysis without speculating about what the jury... We speculate about what jurors do all the time. If we couldn't do that, this would upend a good chunk of our law. And if you choose not to, that's your choice. I was thinking you might have some speculation that would be helpful to your client, but if you don't, I will stick with my speculation, and that won't be helpful to your client. So what is your answer to my question, if you choose to answer it? If you don't, that's okay. I'm sure the opposing counsel, when he gets up, will have an answer to my question. Well, Your Honor, they could have also convicted them under the belief that the fact that in Switzsue provided these documents and websites are other means of disclosing to the economically relevant public, that because it wasn't disclosed to the general public, or that the general public didn't have access to these documents, they could have convicted him, notwithstanding anything they believed, about what he did with regard to negotiating his claim for settlement. So, unfortunately, I'm out of time unless this Court has additional questions. We'll hear from the government. Good morning, Your Honor. May it please the Court. Russ Smoot for the United States. In terms of the indictment, it was not challenged. It was challenged at the Rule 29 stage after the government's case in chief. Clearly, that is, regardless of whether the defendant puts on a case, that's the end of the trial and could be the end of the trial. If we were looking at this de novo, wouldn't we have a big problem with the way that the prosecutor didn't even understand what case he was presenting until the second bill of particulars? Two answers to that, Your Honor. No, because I believe that based on the indictment, the indictment does satisfy Rule 7. It also satisfies the case law concerning what needs to be an indictment and inform the defendant of the charges against him. I mean, in practical terms, the defendant was arrested after turning over the manual and was indicted shortly thereafter. In non-practical terms, the very wording, the face of the indictment, does contain not only the statute, reference to the statute, the elements, and it also contains sufficient fact to put the defendant on notice and inform him of what the crime he's charged with. The notice being the theft of the manual itself as opposed to the actual trade secrets that are within the manual. Your Honor, it doesn't specifically state the manual, but what it does state in terms of facts, it states first the date range at which he was employed. It states the fact that the information, which is a type of trade secret based on the definition, is maintenance and operation information related to these unmanned aircraft drones, for all practical purposes, as well as the owner of that information, which was the Isitsu company that he was working on the manual for. So the indictment is, again, sufficient under Rule 7. It's also sufficient, the United States believes, under the case law that adds to Rule 7. In terms of the question of whether the prosecutor knew or didn't know the case, I think that in many ways that's irrelevant because that is based solely as an argument based on the prosecutor's sending of an email to the case agent and to counsel for Boeing, which was also involved, indicating which specific items would qualify under the court's direction to give a bill of particulars. In terms of that, it's no different than saying this whole case is no different than charging somebody with theft of property that has a value of more than $100 when the theft has been the theft of a suitcase, and in the suitcase is a pair of socks, a diamond ring, and some other items. Would the pair of socks qualify as in value of over $100? No, but the diamond ring probably would. The defendant has still stolen all of those items within one single container. The manual itself obviously contains things that are not trade secrets. The cover page is not a trade secret. The words that are used to connect and say which section comes next is not a trade secret, but within that manual are specific items. Therefore, in saying that the prosecutor didn't know what he was even doing or what he was even prosecuting is basically only based upon the fact that that's argument supplied in the appellant's brief. The bottom line is that the bill of particulars narrowed the evidence down to what are we going to present. The United States could certainly have presented that the manual was admitted as Exhibit 1. It could have been presented page by page and argued, and then whatever trade secrets are in there, the jury could certainly find as a whole. Yeah, but it's your job to identify what the trade secrets are, and I gather you suggested 15 and the jury found 5. Is that correct? That is correct. Well, now, suppose we are not persuaded about the muffler. Then what happens? As that question was raised, the bottom line is that because of the way that the jury verdict was issued to where unanimity had to be found on, and I think the words must find one, that if one single one of those items remains after this Court's review, then the defendant still converted a trade secret. So it's much like a felon in possession. Based on the remaining four? Excuse me? Based on the remaining four? Or if the Court, on review, finds that it was insufficient for four of them. If one remains, the statute has still been violated, in the same way that a person would be charged with multiple possessions of firearms. If one, somehow the jury doesn't believe it,  Your Honor, I think the only other real issue that took some time was this question of whether the statute should apply, the definition of trade secrets should carry this phrase that's not in the statute, not in the definition.  the political, the religious, economically relevant public. And I would submit, Your Honor, that the question, first, if that's reading something into the statute. And in fairness, some of the courts that have addressed it have raised this in dicta, but no court has ever said that that is required to prove the statute. It's not in the language of the statute. But really, the question remains is, let's say that this is information that an engineer, this trade secret, or any trade secret in any case, is something that somebody that's in that business can figure out. If they can figure it out, one could argue, well, if one or two engineers can figure out this fuel system, then, therefore, it can't be a trade secret. I would submit that the issue, the question is, how is that trade secret being conveyed? Is it because an engineer has studied and learned and has figured it out because he or she is a smart engineer? Or is it because the company, or whoever owns that trade secret, has put it out in a way that it has total public access, and that's where the engineer or the scientist or whoever was able to get that information. The key is in the access, and in this case, as would be in trade secrets case, part of the definition is that there has to be reasonable means to keep it secret. And in this case, there clearly were. There was a contract with Mr. Ward and I would presume other employees to not provide it. The company, once they found out that he had emailed it, it wasn't a matter of him leaving and checking in another item. In our day and age, if he emailed it to himself, the company wouldn't have a knowledge that he had done that until it was disclosed to them. Once it was, they sought to get that information back. It wasn't something that the company, either Corsair or Insitsu or even the parent company, Boeing, had put out on the Internet. I know that there was a number of other issues. Those are really the issues that came up in argument. Does the court have questions on any of the other issues? And I can address those, or if not, I will take my leave. Thank you. Thank you, Your Honors. Would you like a minute for rebuttal? Just briefly, Your Honor. I know I ran out of time with my initial argument. I would ask the court to review the email that was sent from the prosecutor to the agent determining or reviewing or asking what is a trade secret. The exhibit that we included in the experts of record show that Katz, who is an employee of Insitu, basically then tells the prosecutor what 15 components in the manual are trade secrets. So the assertion… What's wrong with that? Because Mr. Ward can only be convicted for conduct and actions that the grand jury found for the indictment. That's the only thing he can be convicted for. And to have a private corporation come in after the fact and tell the prosecutor these are the 15 trade secrets… But this does always provide details of the crime at the time of trial that are not before the grand jury, or very often do. They provide details of the crime, but the crime itself is outlined in the indictment. For example, murder, distribution of controlled substance. Here, the statute is dependent on an item being deemed a trade secret. When the government got that indictment… Let's say you have a domestic violence case. The grand jury indicts on domestic violence, and it turns out that subsequently there are broken bones or that the violence resulted in further damage that doesn't come to light until the close of trial. There was violence, but there was some rupture, some serious consequences afterwards. The grand jury doesn't have to know about that to have indicted for domestic violence. Why isn't this just like that? Because they've got to know what the trade secret is before they indict Mr. Ward. That's the crutch of the statute, the crutch of the government's case. They have to know that the items that are being presented to them are, in fact, trade secrets. If they're not trade secrets, Mr. Ward did not violate 18 U.S.C. 1832. And in this case, the prosecutor didn't know, within that manual, what were trade secrets. Okay, thank you. Thank you. Case is argued. We'll stand some minutes. We are adjourned.
judges: Kozinski, O'scannlain, Orrick